```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

Paul Darnell Taylor           )
                              )
          Plaintiff,           )
                              )
     v.                        )     No. 07 C 5097
                              )
Chicago Police Department,    )
Officer Bell, Officer Johnson,)
and Officer Havelka,          )
                              )
          Defendants.          )

<u>MEMORANDUM ORDER</u>

Paul Darnell Taylor ("Taylor") has submitted a self-prepared Complaint--"self-prepared" in the sense that he has used the form made available by this District Court's Clerk's Office to persons in custody (Taylor is a pre-trial detainee at the Cook County Jail), filling in the requested information in handwritten form. This memorandum order is issued sua sponte because of some fundamental problems with Taylor's action.

To begin with, Taylor has neither paid the $350 filing fee in advance nor sought leave to proceed without the full prepayment of that fee. If he wishes to pursue the latter course, he must fill out and submit duplicate counterparts of an In Forma Pauperis Application on the forms that are being sent to him together with a copy of this memorandum order, and he must also supplement that Application with a printout from the Cook County Jail showing all of the transactions in his inmate trust fund account there during the six-month period beginning March 7, 2007 and ended September 6,

2007.[1]  But if Taylor has neither paid the $350 filing fee nor submitted the required documents on or before September 27, 2007, this Court will be constrained to dismiss the Complaint and this action.

But there is another, and this time more substantive, matter Taylor must also address.  All that he has asserted in his Complaint is that he was arrested on two or three occasions and that his constitutional rights were violated, the latter being the key ingredient of a 42 U.S.C. § 1983 claim.  Yet an arrest does not automatically implicate a breach of an individual's constitutional rights, and the Supreme Court's recent teaching in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1968 (2007) commands a showing of "plausibility," rather than a merely skeletal assertion, to set out a viable federal complaint.

Accordingly Taylor must submit an Amended Complaint by the same September 27 date that puts some flesh on the present inadequate skeletal structure.  That will enable this Court to evaluate Taylor's claim in terms of its survivability, as well as conducting the appropriate evaluation of the filing fee situation.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Dated:    September 14, 2007

---

[1] If Taylor has not been in custody throughout that six-month period, the printout needs to cover only his time in custody.