# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL DARNELL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-CV-5097 |
| v. ) | |
| ) | |
| CHICAGO POLICE DEPARTMENT, ) | |
| OFFICERS BELL, JOHNSON, and ) | |
| HAVELKA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Chicago police officers, violated Plaintiff's constitutional rights by falsely arresting him on June 21, 2005, and again on July 12, 2005. This matter is before the Court for ruling on Defendants' motion to dismiss the complaint [35] as time-barred. For the reasons stated below, the motion is granted and this case is terminated.

**I.     Background**

The Court gleans the following allegations from the complaint, the amended complaint, and Plaintiff's affidavit opposing Defendants' motion to dismiss: On June 21, 2005, Defendant Bell, a Chicago police officer, arrested Plaintiff "under false pretenses." Another officer, Defendant Johnson, detained Plaintiff, searched his property, and arrested him, all without probable cause or a warrant. At the time, Plaintiff simply was sitting in a parked car, not in violation of any law. Defendants Bell and Johnson "falsified" the arrest documents, providing incorrect name, address, and date of birth information for Plaintiff on Defendants' arrest reports.

Plaintiff was charged with burglary; however, the charges eventually were dismissed on October 7, 2005. On July 12, 2005, another police officer, Defendant Havelka, falsely arrested Plaintiff, charging him with reckless conduct. Havelka admitted to Plaintiff that there was no basis for the arrest. That charge, too, was dismissed, on August 25, 2005. Plaintiff initiated this civil rights action on September 10, 2007.

**II.     Analysis**

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the * * * claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication * * * of time and place." *Thompson*, 362 F.3d at 971. Although Plaintiff need not provide detailed factual allegations to defeat a Rule 12(b)(6) motion to dismiss, Plaintiff's obligation to provide the grounds of his entitlement to relief does require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citations omitted).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn from those facts – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 1973-74 & n.14. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. See, *e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). A statute of limitations defense may be properly asserted as part of a motion to dismiss "when the time alleged in the complaint shows that the action was not brought within the statutory time period." *Center Ice of DuPage, Inc. v. Burley's Rink Supply, Inc.*, 1997 WL 43230, *2 (N.D. Ill. Jan. 24, 1997). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996) (citations omitted).

Even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable claim as a matter of law because any federal claims are time-barred. The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998)). A cause of action for an unlawful arrest accrues on the date of the arrest. See*, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006),

*aff'd*, 127 S.Ct. 1091 (2007) ("We reaffirm the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest.") Illinois law does not toll the statute of limitations for prisoners. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993). In this case, Plaintiff challenges arrests that occurred in June and July 2005, yet he waited until September 2007, more than two years after both incidents, to bring suit.

The "mailbox rule" is of no benefit to Plaintiff. Under the "mailbox rule," prisoner pleadings are considered filed when given to the proper prison authorities for mailing, and not when received by the district court clerk. See*, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (relying on *Houston v. Lack*, 487 U.S. 266 (1988)) (both Section 2254 habeas cases). But Plaintiff's original complaint was dated and signed on September 6, 2007, well after the two-year limitation period expired.

Plaintiff's pursuit of the matter with the police department's Office of Professional Standards likewise did not toll the statute of limitations. Under 42 U.S.C. § 1997e(a), prisoners must exhaust administrative remedies prior to bringing suit regarding the conditions of their confinement. Because of that exhaustion requirement, the statute of limitations is tolled while prisoners pursue grievance procedures. See *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). Here, however, Plaintiff's suit against the officers is unrelated to the conditions of his confinement. Therefore, there is no exhaustion requirement, and Plaintiff's correspondence with the Office of Professional Standards did not suspend the limitations period.

Plaintiff's explanation that he had difficulty obtaining stamps to mail his initial documents is unconvincing. Plaintiff's application for leave to proceed *in forma pauperis* [7] indicates that he had ample funds in his trust account to mail court documents in the six months

4

preceding the initiation of this lawsuit. The Court also is aware that the Cook County Department of Corrections advances legal postage for indigent inmates. In any event, as noted above, the complaint was dated September 7, 2007, and thus was almost two months late.

The Court finds no mention, in any of Plaintiff's pleadings or motions, of the five-month hospitalization in 2006 referenced by Defendants in their reply brief, but agrees with Defendants that any such hospitalization would not constitute a legal disability. Plaintiff claims that he was unable to file lawsuits between May 6, 2006, and October 19, 2006, but this Court's docket shows definitively that Plaintiff filed at least one lawsuit in this very district during that time period. See *Taylor v. Chicago Police Dept.*, Case No. 06 C 3168 (complaint filed June 9, 2006).

Indeed, a review of the docket sheet in that prior case reveals two additional, independent bases for dismissal: *res judicata* and misrepresentation to the Court. Plaintiff advanced the same claims against the same Defendants in Case No. 06 C 3168. Judge Pallmeyer dismissed that case for want of prosecution by Minute Order of April 13, 2007. As a general rule, a dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b), *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989); *Pettiford v. Sheahan*, 2004 WL 626151, *6 (N.D. Ill. Mar. 26, 2004). The doctrine of *res judicata* therefore bars a second complaint involving the same operative facts. *Pettiford*, 2004 WL 626151, at *6.

In addition, the Court notes that Plaintiff made a material misstatement in both his complaint and his amended complaint. The Court's civil rights complaint form instructed Plaintiff to "[l]ist all lawsuits you * * * have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Complaint at 5; Amended Complaint at 5. The form then advised Plaintiff as follows: "[i]f you have filed more than one lawsuit, then you must

5

describe the additional lawsuits. * * * Regardless of how many cases you have previously filed, you will not be excused from filling out this section completely, and failure to do so may result in dismissal of your case." *Id.*

Despite those admonitions, Plaintiff wrote, "NONE" on both complaint forms, failing to mention at least five previous federal cases he has filed. More importantly, Plaintiff failed to advise the Court that he previously had filed suit asserting the same cause of action that he now advances in this case. Plaintiff's omission, which might be characterized as a "fraud" on the Court, justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

### III. Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiff's complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) and 41(b) on the grounds that it is untimely, barred by *res judicata*, and contains material misrepresentations that border on fraud on the Court. This dismissal counts as one of Plaintiff's three allotted dismissals (or "strikes") under 28 U.S.C. § 1915(g). Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id*.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150

F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff also may accumulate another "strike."

Dated: June 18, 2008  _____
Robert M. Dow, Jr.
United States District Judge